■ In the Matter of SEAN JOHNSON, Respondent, v ALEXIS COLE, Appellant. [731 NYS2d 742] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Brands, J.), dated January 14, 2000, which, after a hearing, awarded custody of the subject child to the father.

Ordered that the order is affirmed, without costs or disbursements.

The subject child, Courtney, was born in October 1988. The mother was a teenager, and the parties never married. Courtney lived with her mother, first in the home of her maternal grandmother and then later with the mother in Poughkeepsie where she attended public school. Unfortunately, Courtney became the object of cruel teasing by fellow students, and in October 1998 the mother unilaterally surrendered custody and guardianship to the child's maternal grandmother to enable Courtney to be registered in a different school in Hyde Park. The mother accomplished this well-meaning act, however, without the father's knowledge. In January 1999 the father obtained custody on the mother's default, until the mother moved, in effect, to vacate her default, leading to the instant hearing.

It is well settled that custody determinations are to be made upon consideration of all relevant circumstances so as to promote the best interests of the child (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89). Contrary to the mother's contentions, the record supports the hearing court's determination that the best interests of the child would be promoted by the award of custody to the father. The Family Court conducted a full custody hearing at which it saw and heard the testimony of the witnesses first hand. The Family Court also conducted an in camera interview with the child. The evidence adduced demonstrated that neither parent was unfit, but that custody with the father was in the child's best interests.

While a joint custodial arrangement would likely be best for Courtney, the mother and father are unable to cooperate with one another. Upon a review of the entire record, the father appears to be a slightly more mature and responsible custodian and the child appears to be adjusting well in his custody. As such, we sustain the Family Court's determination. Santucci, J. P., S. Miller, Friedmann and Cozier, JJ., concur.