■ In the Matter of KAREN E. FOWLER, Appellant, v Oswaldo RIVERA, Respondent. [745 NYS2d 457] —In a consolidated child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (McElligott, J.), entered February 20, 2001, as, after a hearing, denied her respective petitions for sole custody of each of the subject children and awarded joint custody to the parties.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the mother's petitions for sole custody are granted.

The sole criterion in a custody case is the "best interests of the child and what will best promote [his or her] welfare and happiness" (*Eschbach v Eschbach,* 56 NY2d 167, 171 [internal quotation marks omitted]; *see Lincoln v Lincoln,* 24 NY2d 270, 272; *Prete v Prete,* 193 AD2d 804, 805). An award of joint custody is appropriate only where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion (*see Braiman v Braiman,* 44 NY2d 584, 589-590). Further, the parties "must be capable of cooperating in making decisions on matters relating to the care and welfare of the children" (*Trolf v Trolf,* 126 AD2d 544).

It is well settled that this Court's authority in custody determinations is as broad as that of the hearing court (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947). Moreover, an appellate court may not allow a custody determination to stand where it lacks a sound and substantial basis in the record (*see Coyne v Coyne,* 150 AD2d 573, 574; *Skolnick v Skolnick,* 142 AD2d 570). While mindful of the hearing court's advantage in being able to observe the demeanor and assess

the credibility of the witnesses (*see Matter of Louise E.S. v W. Stephen S., supra*), nevertheless, the joint custody award cannot be justified on the basis of this record. Indeed, the evidence adduced at the hearing demonstrated that joint custody is not appropriate under the circumstances, and that the mother is the more fit custodian of the children.

Accordingly, the Family Court erred in denying the mother's petitions for sole custody. Santucci, J.P., Altman, S. Miller and McGinity, JJ., concur.