■ In the Matter of WANDA RICCIO, Respondent, v PAUL RICCIO, Appellant. [803 NYS2d 603]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Cohen-Gallet, R.), dated June 7, 2004, which, after a trial, awarded permanent physical and legal custody of the parties' child to the mother.

Ordered that the order is affirmed, with costs.

In making a custody determination, the court, after reviewing the totality of the circumstances, must consider what is in the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93 [1982]; *Matter of Johnson v Cole,* 287 AD2d 632 [2001]). There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law § 70 [a]; § 240 [1] [a]; *see Friederwitzer v Friederwitzer, supra; Matter of Jaeger v Jaeger,* 207 AD2d 448 [1994]). "Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided" (*Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946, 947 [1985]; *see Eschbach v Eschbach, supra* at 172; *Matter of Caraballo v Colon,* 9 AD3d 459, 460 [2004]; *Matter of Jaeger v Jaeger, supra* at 449).

A custody award is a matter within the discretion of the hearing court (*see Matter of Panetta v Ruddy,* 18 AD3d 662 [2005]), whose determination is entitled to great weight and will not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Olson v Olson,* 8 AD3d 285 [2004]; *Klat v Klat,* 176 AD2d 922, 923 [1991]).

The Family Court's determination that the mother was the more suitable custodial parent for the parties' daughter, Rose, who has been diagnosed as developmentally delayed, did not, as the father argues, lack a sound and substantial basis in the record. Although the evidence adduced at trial indicated that both parents are loving and competent caregivers, the evidence also demonstrated that the mother has shown a greater ability and willingness than the father to place Rose's interests above her own and to both anticipate and provide for her physical, emotional, social, and intellectual needs. Accordingly, the Family Court properly awarded custody to the mother, with liberal visitation for the father (*see Matter of Rory H. v Mary M.*, 13 AD3d 373 [2004]; *cf. Matter of Blanc v Larcher*, 11 AD3d 458, 459 [2004]).

In making its determination, the Family Court did not, as the father contends, rely solely on his decision to stay home with Rose and forego finding employment, but properly considered all of the factors that were relevant in this case. Accordingly, the father's contention that his constitutional rights, inter alia, to equal protection were violated is without merit (*see Matter of Bjorkland v Eastman*, 279 AD2d 908, 911 [2001]).

The Family Court providently exercised its discretion in declining to appoint a Law Guardian to represent the child (*see Richard D. v Wendy P.*, 47 NY2d 943, 944-945 [1979]; *Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998]; *Nacson v Nacson*, 166 AD2d 510, 511 [1990]; *cf. Matter of Acosta v Acosta*, 259 AD2d 747 [1999]; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117 [1990]). Adams, J.P., Crane, Goldstein and Skelos, JJ., concur.