■ In the Matter of PAMELA VOLPE, Appellant, v CHRISTOPHER VOLPE, Respondent. [878 NYS2d 72]—In a proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Modica, J.), dated March 4, 2008, as, after a hearing, denied those branches of her petition which were to modify so much of a judgment of the Supreme Court, Queens County, dated August 11, 2004, as awarded custody of the parties' son to the father upon the consent of the parties, and to award her sole custody of the son.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, those branches of the mother's petition which were to modify so much of the judgment as awarded custody of the parties' son to the father upon the consent of the parties, and to award her sole custody of the son, are granted.

"In determining whether a custody agreement that was incorporated in a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality

of the circumstances, a modification of custody is in the best interests of the child" (*Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Cieri v Cieri*, 56 AD3d 409 [2008]). This Court's authority in custody determinations is as broad as that of the hearing court (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]). An appellate court may not allow a custody determination to stand where that determination lacks a sound and substantial basis in the record (*see Matter of Coyne v Coyne*, 150 AD2d 573, 574 [1989]; *Skolnick v Skolnick*, 142 AD2d 570 [1988]). In "custody disputes, the value of forensic evaluations of the parents and children has long been recognized" (*Ekstra v Ekstra*, 49 AD3d 594, 595 [2008]; *see Matter of Womack v Jackson*, 30 AD3d 433, 434 [2006]; *Stern v Stern*, 225 AD2d 540, 541 [1996]) and the opinions of forensic experts should "not be readily set aside" unless contradicted by the record (*Bains v Bains*, 308 AD2d 557, 558 [2003]; *see Young v Young*, 212 AD2d 114 [1995]).

Here, while mindful of the hearing court's advantage in being able to observe the demeanor and assess the credibility of witnesses (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]), the denial of sole custody of the parties' son to the mother lacked a sound and substantial basis in the record (*see Miller v Pipia*, 297 AD2d 362, 364-365 [2002]; *Matter of Fowler v Rivera*, 296 AD2d 409 [2002]; *see also Musachio v Musachio*, 53 AD3d 600, 601-602 [2008]). Rivera, J.P., Angiolillo, Eng and Belen, JJ., concur.