In the Matter of JOHNSON T. CARDOZO, Appellant, v DAINA B. DEFREITAS, Respondent. [930 NYS2d 462]—

There is "no prima facie right to the custody of the child in either parent" (Domestic Relations Law § 70 [a]; § 240 [1] [a]; see Friederwitzer v Friederwitzer, 55 NY2d 89 [1982]; Matter of Riccio v Riccio, 21 AD3d 1107 [2005]). The essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d at 94; Matter

*of McIver-Heyward v Heyward,* 25 AD3d 556 [2006]). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Mohen v Mohen,* 53 AD3d 471, 473 [2008] [internal quotation marks omitted]).

Inasmuch as the mother was supportive of visitation, both parties are loving parents, the mother is available to care for the subject child and is able to provide for the child's emotional and intellectual development, and the mother has been the child's primary caregiver since the child's birth, the Family Court properly awarded residential custody of the child to the mother (*see Matter of Ocampo v Jimenez,* 27 AD3d 753, 754 [2006]; *Cohen v Merems,* 2 AD3d 663, 664 [2003]). Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.