■ In the Matter of LATRICHA VAN DUNK, Appellant, v RICHARD BONILLA, Respondent. [955 NYS2d 150]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Richardson-Mendelson, Ct. Atty. Ref.), dated August 12, 2011, which, after a hearing, denied her petition for sole custody of the subject children and awarded the parties joint legal custody of the children, with sole physical custody to the father and certain visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

In a child custody proceeding, the court's paramount concern is to determine what placement, based on the totality of the circumstances, is in the best interests of the child (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The court's determination of custody depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, and those determinations are generally accorded deference on appeal. The determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 174; *Matter of Gordon v Goldin*, 95 AD3d 1115, 1115 [2012]). In " 'custody disputes, the value of forensic evaluations of the parents and children has long been recognized' (*Ekstra v Ekstra*, 49 AD3d 594, 595 [2008]; *see Matter of Womack v Jackson*, 30 AD3d 433, 434 [2006]; *Stern v Stern*, 225 AD2d 540, 541 [1996]) and the opinions of forensic experts should 'not be readily set aside' unless contradicted by the record" (*Matter of Volpe v Volpe*, 61 AD3d 691, 692 [2009], quoting *Bains v Bains*, 308 AD2d 557, 558 [2003]).

Here, the Family Court properly considered the totality of the circumstances in determining that the best interests of the subject children would be served by awarding sole physical custody to the father. This determination has a sound and substantial basis in the record, including the testimony of the parties and the court-appointed forensic psychologist, and should not be disturbed (*see Matter of Cordero v DeLeon*, 92 AD3d 943 [2012]; *see also Eschbach v Eschbach*, 56 NY2d at 174). Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.