In an action for a divorce and ancillary relief, the defendant appeals, by permission, from an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated November 9, 2011, which, upon a decision of the same court dated October 19, 2011, made after a nonjury trial, inter alia, awarded sole custody of the subject child to the plaintiff.
Ordered that the order is affirmed, without costs or disbursements.
There is “no prima facie right to the custody of the child in either parent” (Domestic Relations Law §§ 70 [a]; 240 [1] [a]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Cardozo v Defreitas, 87 AD3d 1138, 1138 [2011]; Mohen v Mohen, 53 AD3d 471, 472 [2008]; Matter of Riccio v Riccio, 21 AD3d 1107, 1107 [2005]). Rather, the essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d at 94; Matter of Cardozo v Defreitas, 87 AD3d at 1138). Moreover, the trial court’s determination as to custody “should not be disturbed unless it lacks a sound and substantial basis in the record” (Cervera v Bressler, 90 AD3d 803, 805 [2011]). Here, the record supports the trial court’s award of custody to the plaintiff father. Under the totality of the circumstances, he is the more fit parent (see Setty v Koeneke, 148 AD2d 520, 521 [1989]).
*972 The defendant’s contention concerning child support is not properly before this Court inasmuch as the order appealed from did not decide the issue of support (see McKiernan v McKiernan, 277 AD2d 433, 434 [2000]).
The defendant’s remaining contention is without merit. Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.