■ In the Matter of MARISOL SOTO, Respondent, v JAMIE CRUZ, Appellant. [989 NYS2d 129]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Yuskevich, Ct. Att. Ref.), dated May 1, 2013, as denied that branch of his cross petition which was for custody of the subject child and awarded the mother custody of the subject child.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, that branch of the father's cross petition which was for custody of the subject child is granted, and the matter is remitted to the Family Court, Kings

County, to establish an appropriate visitation schedule for the mother and, thereafter, to issue a permanent order of visitation; and it is further,

Ordered that, pending further order of the Family Court, Kings County, the mother shall have visitation with the subject child on the first, third, and fourth weekend of each month from Friday at 6:30 p.m. to Sunday at 6:30 p.m., as well as alternating holidays and Mother's Day, or as the parties may otherwise agree, with drop-off and pick-up at the 72nd Precinct.

The mother and father have two daughters in common. The older daughter was born in 1999 and the subject child was born in 2004. The mother and father separated in 2006. While at first both daughters lived with the mother, the older daughter has resided with the father since 2007. In 2008, the subject child moved in with the father at the mother's request. The mother then requested the subject child's return approximately two months later, and the father complied. During that time, the mother petitioned for custody of the subject child, and the father cross-petitioned for custody of both children. The mother did not contest the father's custody of the older daughter. After a hearing, the Family Court awarded custody of the subject child to the mother.

The Family Court should have granted that branch of the father's cross petition which was for custody of the subject child. The essential consideration in any custody dispute is the best interests of the children (see *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining the best interests of the children, the court must evaluate the totality of the circumstances (see *id.*). This Court's authority in custody determinations is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we " 'would be seriously remiss if, simply in deference to the finding of a Trial Judge,' we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (*Matter of Caruso v Cruz*, 114 AD3d 769, 772 [2014], quoting *Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]).

Here, the Family Court's award of custody of the subject child to the mother lacked a sound and substantial basis in the record. In awarding the mother custody, the court failed to give sufficient weight to the mother's past acts that undermined her ability to provide appropriate parental guidance and to place the subject child's interests before her own. For example, the mother forced her older daughter to take inappropriate photographs of the mother. The subject child has had excessive

school absences while in the mother's care, and despite a court order directing that the subject child be enrolled in therapy, the mother did not enroll the subject child in therapy for over a year. The court-appointed forensic psychologist testified that while he would have liked to have interviewed the mother further, she failed to show up for her follow-up appointments. Although this hampered the forensic psychologist's ability to state unequivocally whether either parent was more responsible, his ultimate recommendation was that the father should be granted custody of the subject child. Thus, the evidence demonstrated that the father has shown a greater ability and willingness than the mother to place the subject child's interests above his own and to both anticipate and provide for her physical, emotional, social, and intellectual needs (see Matter of Riccio v Riccio, 21 AD3d 1107, 1108 [2005]). In addition, the Family Court failed to give sufficient weight to the fact that awarding the mother custody of the subject child would unavoidably separate her from her older sister (see Matter of Caruso v Cruz, 114 AD3d at 773).

Under the totality of these and other circumstances, the best interests of the subject child would be served by awarding custody to the father (see Eschbach v Eschbach, 56 NY2d at 171; Matter of Riccio v Riccio, 21 AD3d at 1108; Matter of Johnson v Cole, 287 AD2d 632 [2001]; Matter of Rohan v Rohan, 213 AD2d 804 [1995]; Matter of Schimler v Schimler, 203 AD2d 580 [1994]). Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.