■ HANNAH LIEBERMAN, Appellant-Respondent, v ADAM LIEBERMAN, Respondent-Appellant. [38 NYS3d 81]—

Appeal and cross appeal from a judgment of the Supreme Court, Kings County (Eric I. Prus, J.), dated January 9, 2015. The judgment, insofar as appealed and cross-appealed from,

upon a decision of the same court dated September 8, 2014, made after a nonjury trial, awarded the defendant sole legal and physical custody of the children, imputed only $25,000 in annual income to the plaintiff, and directed that the defendant is solely responsible for paying for the parties' marital credit card debt, and the children's unreimbursed medical expenses, private school tuition, tutors, homework helpers, after-school activities, and summer camp.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing that the defendant is solely responsible for paying for the children's unreimbursed medical expenses, summer camp, and after-school activities, and substituting therefor a provision directing that the defendant is responsible for paying 80% of the children's unreimbursed medical expenses, summer camp, and after-school activities, and that the plaintiff is responsible for paying 20% of those expenses; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

An award of custody must be based upon the best interests of the children (*see Matter of Archibald M. v Georgette S.*, 110 AD3d 811 [2013]; *Matter of McDonough v McDonough*, 73 AD3d 1067, 1068 [2010]; *Matter of Dwyer-Hayde v Forcier*, 67 AD3d 1011 [2009]). In determining the best interests of the children, the court must evaluate the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]; *Matter of Anwar v Sani*, 78 AD3d 827 [2010]). "The factors to be considered in making a determination with respect to the best interests of the child[ren] include 'the quality of the home environment and the parental guidance the custodial parent provides for the child[ren], the ability of each parent to provide for the child[ren]'s emotional and intellectual development, the financial status and ability of each parent to provide for the child[ren], the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child[ren]'s relationship with the other parent' " (*Matter of Yearwood v Yearwood*, 90 AD3d 771, 773-774 [2011], quoting *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *see Eschbach v Eschbach*, 56 NY2d at 171-172). Along with these factors, the court must also " 'consider the stability and continuity' afforded by maintaining the present arrangement' " (*Matter of McDonough v McDonough*, 73 AD3d at 1068, quoting *Matter of Lightbody v Lightbody*, 42 AD3d 537, 538 [2007]). "Since weighing the factors relevant to any custody determination requires an evaluation of the credibility and sincerity of

the parties involved, the hearing court's findings are accorded deference, and will not be disturbed unless they lack a sound and substantial basis in the record" (*Matter of Jackson v Coleman*, 94 AD3d 762, 763 [2012]; *see Matter of Solovay v Solovay*, 94 AD3d 898, 899 [2012]; *Matter of Ross v Ross*, 86 AD3d 615, 616 [2011]).

Here, the Supreme Court, after having had the opportunity to evaluate the testimony, consider the recommendations of a court-appointed forensic expert, interview the subject children in camera, and consider the position of the attorney for the children, determined that the children's best interests would be served by awarding sole legal and physical custody to the defendant, with liberal visitation to the plaintiff. Although the court improvidently exercised its discretion in admitting into evidence, over the plaintiff's objection, the defendant's diary of events that occurred during the marriage, and the court-appointed forensic expert relied in part on inadmissible hearsay in reaching his opinion that the defendant should have custody of the children, these errors were not prejudicial. Without consideration of the improperly admitted evidence, and in light of the fact that the court-appointed forensic expert's opinion was primarily based upon direct knowledge derived from interviews of the parties and their children, there is a sound and substantial basis in the record for the court's determination, and it should not be disturbed on appeal (*see Eschbach v Eschbach*, 56 NY2d at 167; *Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]; *Matter of Francois v Hall*, 73 AD3d 1055, 1055 [2010]; *Lubit v Lubit*, 65 AD3d 954 [2009]; *Matter of Taylor v Taylor*, 62 AD3d 1015 [2009]; *Matter of Tercjak v Tercjak*, 49 AD3d 772 [2008]).

Contrary to the defendant's contention, the Supreme Court properly imputed only $25,000 in annual income to the plaintiff (*see Almeda v Hopper*, 2 AD3d 471 [2003]). Further, considering the parties' relative circumstances, including the disparity in their respective incomes, and the value of the marital estate as a whole, the court providently exercised its discretion in directing that the defendant is solely responsible for paying for the marital credit card debt, and the children's private school tuition, tutors, and homework helpers (*see* Domestic Relations Law § 240 [1-b] [c] [7]; *Corless v Corless*, 18 AD3d 493, 494 [2005]). However, the court erred in making the defendant solely responsible for paying for the children's unreimbursed medical expenses, summer camp, and after-school activities. Based upon the court's finding that the plaintiff earned 20% of the combined parental income, she should pay 20% of these

expenses (*see* Domestic Relations Law § 240 [1-b] [b] [4], [5] [v]). Dillon, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.