■ In the Matter of SHAVINE WILSON, Respondent, v DARREN BRYANT, Appellant. TREANNA W., Nonparty Appellant. (Proceeding No. 1.) In the Matter of DARREN BRYANT, Appellant, v SHAVINE WILSON, Respondent. TREANNA W., Nonparty Appellant. (Proceeding No. 2.) [41 NYS3d 503]—

Appeal by the father and separate appeal by the child Treanna W. from an order of the Family Court, Kings County (Adam Silvera, J.), dated March 16, 2015. The order, insofar as appealed from, after a hearing, granted that branch of the mother's petition which was for sole legal and physical custody of the child Treanna W. and denied the father's petition for sole legal and physical custody of that child.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the father's petition for sole legal and physical custody of the child Treanna W.

is granted, that branch of the mother's petition which was for sole legal and physical custody of that child is denied, and the matter is remitted to the Family Court, Kings County, to establish an appropriate visitation schedule for the mother.

The parties, who were never married, are the parents of two children, a son and a daughter, Treanna W. The parties lived together with the children from approximately 1998 until 2010, when they were evicted from their apartment. The father and the son moved into the paternal grandmother's residence, and the mother and the daughter moved into a shelter. In September 2010, the mother filed a petition for sole legal and physical custody of both children. In December 2010, the father filed a petition for sole legal and physical custody of the son. In April 2012, the father filed a separate petition for sole legal and physical custody of the daughter. Following a hearing, the Family Court awarded sole legal and physical custody of the daughter to the mother, with specified visitation to the father, and awarded sole legal and physical custody of the son to the father, with specified visitation to the mother. On their separate appeals, the father and the daughter contend that the court should have awarded sole legal and physical custody of the daughter to the father.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler,* 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills,* 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, " '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires' " (*Matter of McPherson v McPherson,* 139 AD3d 953, 954 [2016], quoting *Matter of Supangkat v Torres,* 101 AD3d 889, 890 [2012]). In custody disputes, the value of forensic evaluations has long been recognized (*see Matter of Van Dunk v Bonilla,* 100 AD3d 1008 [2012]), "and the opinions of forensic experts should 'not be readily set aside' unless contradicted by the record" (*Matter of Volpe v Volpe,* 61 AD3d 691, 692 [2009], quoting *Bains v Bains,* 308 AD2d 557, 558 [2003]; *see Matter of Baptiste v Gregoire,* 140 AD3d 746 [2016]). "Although the credibility determination of the hearing court, which saw and heard the witnesses, is entitled to great

deference, its custody determination will not be upheld where it lacks a sound and substantial basis in the record" (*Matter of Moore v Gonzalez*, 134 AD3d 718, 720 [2015]).

Here, the Family Court's award of custody of the daughter to the mother lacked a sound and substantial basis in the record. The court explained some of its reasoning for disregarding the court-appointed forensic evaluator's recommendation, including that there was an insufficient basis in the record to find that the sleeping arrangements in the father's home were more suitable than the sleeping arrangements in the mother's home. However, there was evidence in the record sufficient to support the forensic evaluator's opinion that custody of the daughter should be awarded to the father (*see Matter of Doyle v Debe*, 120 AD3d 676 [2014]; *Miller v Pipia*, 297 AD2d 362 [2002]). Further, the court failed to give sufficient weight to some of the mother's actions that undermined her ability to provide appropriate parental guidance, including engaging in a physical altercation with the father's girlfriend in front of the children. The court's finding that the mother demonstrated an ability to provide the daughter with the support necessary for her educational development was not supported by the record (*see Matter of Menhennett v Bixby*, 132 AD3d 1177, 1179 [2015]; *Matter of Reyes v Gill*, 119 AD3d 804, 805 [2014]; *Matter of Farran v Fenner*, 94 AD3d 1116, 1117 [2012]; *Matter of Gasparro v Edwards*, 85 AD3d 1222, 1223 [2011]). The mother failed to acknowledge or address the daughter's overall poor grades in school, and while the daughter's excessive school latenesses had improved, the mother provided no explanation for the daughter's continued periodic lateness. In contrast, the father demonstrated a greater ability and willingness to both anticipate and provide for the daughter's social and intellectual needs (*see Matter of Moore v Gonzalez*, 134 AD3d 718, 720 [2015]; *Matter of Soto v Cruz*, 119 AD3d 592, 594 [2014]; *Matter of Riccio v Riccio*, 21 AD3d 1107, 1108 [2005]; *Matter of Ortiz v Maharaj*, 8 AD3d 574 [2004]). The forensic evaluator's opinion that the father would foster a healthier relationship between the daughter and the mother than the mother would foster between the daughter and the father is also supported by the record (*see Matter of Pappas v Kells*, 77 AD3d 952 [2010]). In addition, the court failed to give sufficient weight to the fact that awarding the mother custody of the daughter separated her from her older brother, with whom she had a good relationship, and with whom she had lived during the first few years of her life (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Soto v Cruz*, 119 AD3d at 594; *Matter of Caruso v Cruz*, 114 AD3d 769, 773 [2014]).

Accordingly, the Family Court should have granted the father's petition for sole legal and physical custody of the daughter, and should have denied that branch of the mother's petition which was for sole legal and physical custody of the daughter. Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.