■ In the Matter of IZORA W., an Infant. MARISSA W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. [45 NYS3d 81]—

Order, Family Court, Bronx County (Erik S. Pitchal, J.), entered on or about January 7, 2015, which appointed the grandmother of the subject child as guardian under the subsidized kinship guardian program, unanimously affirmed, without costs.

The court properly determined that the grandmother demonstrated the requisite extraordinary circumstances to seek custody (*see* Domestic Relations Law § 72 [2] [a]). Specifically, the child came into foster care due to a finding of excessive corporal punishment inflicted upon her by respondent mother, and for almost two years, the mother has failed to engage in services, communicate with the agency or visit with the child (*see Matter of Colon v Delgado*, 106 AD3d 414, 415 [1st Dept 2013]).

Moreover, it was in the child's best interest to grant the grandmother's petition (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of Brian S. v Stephanie P.*, 34 AD3d 685, 686 [2d Dept 2006], *lv denied* 8 NY3d 805 [2007]), in light of the finding of excessive corporal punishment based on the mother's severe beating of the child, as well as evidence of the mother's abject failure to engage in any services or develop a relationship with the child, and no indication that she would do so in the future. On the other hand, the grandmother, for almost two years, had been providing the child with a safe and stable home, where she was attending high school and was thriving. The court aptly noted that, given the child's age and the circumstances of the case, neither adoption nor return home were in her best interest.

We decline to address the mother's argument that the attorney for the child did not adequately represent the child since she failed to raise the issue before the trial court. In any event, contrary to the mother's argument, the child's attorney clearly stated that he had met and consulted with the child, who stated that she fully supported the grandmother's petition, which position is entirely consistent with the child's signed and notarized preference form.

We have considered the mother's remaining arguments and find them unpreserved and unavailing. Concur—Acosta, J.P., Mazzarelli, Manzanet-Daniels, Webber and Gesmer, JJ.