■ In the Matter of KWEKU AGYAPON, Respondent, v CHAR-ONA ZUNGIA, Appellant. [56 NYS3d 198]—

Appeal by the mother from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated February 9, 2016. The order, insofar as appealed from, after a fact-finding hearing, granted that branch of the father's petition which was for physical custody of the subject children.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the father's petition which was for physical custody of the subject children is denied, and the matter is remitted to the Family Court, Orange County, for the entry of an order awarding physical custody of the children to the mother immediately upon the completion of the current school year, and to establish an appropriate visitation schedule for the father, and the effectuation of the transfer of the children taking into account their school schedule; and it is further,

Ordered that in the interim, and pending further order of the Family Court, Orange County, temporary physical custody of the subject children shall remain with the father.

The mother and father are the unmarried parents of two minor children, born in 2007 and 2010. The mother, father, and children lived together in North Carolina until December 2013, when the father moved to New York. The mother and father agreed that the children would go to school in North Carolina and visit the father on holidays and vacations. The children have half-siblings in North Carolina, who they see regularly when they are in North Carolina. In the summer of 2014, while the children were visiting the father in New York, the mother, who was facing eviction, asked the father to keep the children for the 2014-2015 school year. The mother picked up the children in July 2015, and enrolled them in school and extracurricular activities in North Carolina. The father, who commenced these custody proceedings in July 2015 and August

2015, respectively, brought the children back to New York in September 2015, where they have remained.

The Family Court conducted a fact-finding hearing and in-camera interviews of the children. Thereafter, the court, among other things, awarded physical custody of the children to the father. The mother appeals from that part of the order.

"An award of custody must be based upon the best interests of the children" (*Lieberman v Lieberman*, 142 AD3d 1144, 1145 [2016]; *see Matter of Wilson v Bryant*, 143 AD3d 905, 906 [2016]). A custody determination must take into account the totality of the circumstances, which include, but are not limited to "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Wilson v Bryant*, 143 AD3d at 906 [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Lieberman v Lieberman*, 142 AD3d at 1145; *Matter of Guiracocha v Amaro*, 122 AD3d 632, 633-634 [2014]).

Findings of the Family Court which have a sound and substantial basis in the record are generally entitled to great deference on appeal because any custody determination depends to a great extent on the court's assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties (*see Lieberman v Lieberman*, 142 AD3d at 1146; *Matter of Guiracocha v Amaro*, 122 AD3d at 633). "However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial judge, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record" (*Matter of Guiracocha v Amaro*, 122 AD3d at 633; *see Matter of Wilson v Bryant*, 143 AD3d at 907).

In this case, the Family Court failed to consider the totality of the circumstances and weigh all the relevant factors (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Wilson v Bryant*, 143 AD3d at 906). For instance, it failed to accord sufficient weight to the parties' custody arrangement and to evidence that showed that the mother provides a stable home and a home environment generally better suited for the children (*see Eschbach v Eschbach*, 56 NY2d at 172; *Matter of Clarke v Wiltshire*, 145 AD3d 776, 777 [2016]; *White v Mazzella-White*, 84 AD3d 1068, 1069 [2011]). The mother also has more available time to spend with the children and to attend to their

needs (*see Matter of Cisse v Graham*, 120 AD3d 801, 806 [2014], *affd* 26 NY3d 1103 [2016]; *Jacobs v Jacobs*, 117 AD2d 709, 711 [1986]). Further, the children had a close relationship with their half-siblings while living with the mother in North Carolina, but the father has made no effort to foster that relationship while the children have been in his care (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830 [2013]; *Matter of Brown v Brown*, 97 AD3d 568, 571 [2012]). The court also gave undue weight to what it perceived as misjudgment by the mother in her personal life and erroneously found that the mother abandoned her other children to move to New York with the father and the children.

Accordingly, viewing the totality of the circumstances, the Family Court's determination that the best interests of the children would be served by awarding physical custody to the father lacked a sound and substantial basis in the record. We therefore remit the matter to the Family Court, Orange County, to enter an order awarding physical custody of the children to the mother and to establish an appropriate visitation schedule for the father and the effectuation of the transfer of the children. In the interim, and pending further order of that court, temporary physical custody of the children shall remain with the father. Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.