■ In the Matter of TAJ RAMSES RA EL, Respondent, v ENITH V. AROEPA-HUGHLEY, Appellant. [54 NYS3d 312]—

Appeal by the mother from an order of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Atty. Ref.), dated March 22, 2016. The order, after a hearing, granted the father's petition for sole custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The father and the mother are the parents of one child, born in December 2003. In July 2011, the father filed a petition for sole custody of the child. After extensive proceedings and a hearing that included the testimony of both parents and a court-appointed forensic psychologist, the Family Court awarded sole legal and residential custody to the father. The mother appeals.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (*see Matter of Gooler v Gooler*, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (*see id.*; *see also Matter of Estrada v Palacios*, 148 AD3d 804 [2017]; *Matter of Frankiv v Kalitka*, 105 AD3d 1045 [2013]).

Here, the Family Court, after having had the opportunity to

evaluate the testimony, consider the recommendation of the forensic expert, and interview the child in camera, determined that the child's best interests would be served by awarding sole legal and residential custody of the child to the father (*see Lieberman v Lieberman*, 142 AD3d 1144, 1146 [2016]; *Matter of Andrews v Mouzon*, 80 AD3d 761 [2011]). There is a sound and substantial basis in the record for the court's determination (*see Lieberman v Lieberman*, 142 AD3d at 1146; *Matter of Guzman v Pizarro*, 102 AD3d 964 [2013]; *Matter of Andrews v Mouzon*, 80 AD3d 761 [2011]). Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.