Matter of Tanisha M.M. (Toni D.S.--Anthony M.) (2019 NY Slip Op 01764)





Matter of Tanisha M.M. (Toni D.S.--Anthony M.)


2019 NY Slip Op 01764


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-12937
2017-12938
 (Docket Nos. G-21249-15, G-21251-15)

[*1]In the Matter of Tanisha M.M. (Anonymous). Toni D.S. (Anonymous), petitioner-respondent; Administration for Children's Services, et al., respondents-respondents; Anthony M. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Anthony C.M. (Anonymous). Toni D.S. (Anonymous), petitioner-respondent; Administration for Children's Services, et al., respondents-respondents; Anthony M. (Anonymous), appellant. (Proceeding No. 2)


Rhonda R. Weir, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Eric Lee of counsel), for respondent-respondent Administration for Children's Services.
Brooklyn Defender Services, Brooklyn, NY (Kathryn V. Lissy of counsel), for respondent-respondent Carlotta G.
Janet E. Sabel, New York, NY (Dawne A. Mitchell, Raymond E. Rogers, and Briana Fedele of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from two orders of the Family Court, Kings County (Edward W. Yuskevich, Ct. Atty. Ref.) (one as to each child), both dated November 2, 2017. The orders, after a hearing, granted the petitions of the maternal aunt to be appointed guardian of the subject children.
ORDERED that the orders are affirmed, without costs or disbursements.
The maternal aunt (hereinafter the petitioner) filed petitions to be appointed guardian of the subject children. After a hearing, the Family Court granted the petitions, over the father's objection. The father appeals.
We agree with the Family Court's determination that the petitioner met her burden [*2]of demonstrating the requisite extraordinary circumstances to be appointed the kinship guardian of the children over the father's objection (see Family Ct Act § 1055-b[a][iv][A]; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d 476, 476-477). The father was incarcerated when the children were very young, and he remained incarcerated at the time of the hearing. The mother was found to have neglected the children, and she did not oppose the guardianship petitions. The petitioner assumed full responsibility for the care of the children for at least three years prior to the hearing, and the children had lived with the petitioner for most of their lives. These circumstances constitute extraordinary circumstances that justified the award of guardianship over the father's objection (see Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d at 476-477; Matter of Jaylanisa M.A. [Christopher A.], 157 AD3d 497, 498; Matter of Izora W. [Marissa W.], 146 AD3d 569, 570).
The Family Court did not improvidently exercise its discretion in finding that the appointment of the petitioner as kinship guardian of the children was in the children's best interests (see Family Ct Act §§ 661[c]; 1055-b[a][ii]; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d at 476-477; see also Eschbach v Eschbach, 56 NY2d 167, 171-174). "Findings of the Family Court which have a sound and substantial basis in the record are generally entitled to great deference on appeal because any custody determination depends to a great extent on the court's assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties" (Matter of Agyapon v Zungia, 150 AD3d 1226, 1227; see Matter of Ra El v Aroepa-Hughley, 151 AD3d 974, 974). The hearing record established, inter alia, that the petitioner provided for the medical, educational, and special needs of the children, and provided a stable home for the children. Under these circumstances, the Family Court's determination that the award of guardianship was in the best interests of the children has a sound and substantial basis in the record (see Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d at 476-477; Matter of Jaylanisa M.A. [Christopher A.], 157 AD3d at 498; Matter of Izora W. [Marissa W.], 146 AD3d at 570; see also Matter of Angela-Marie C. [Renee C.], 162 AD3d 1010).
Contrary to the father's contention, the Court Attorney Referee did not improperly interfere in the conduct of the trial nor excessively question witnesses (see Matter of Krista I. v Gregory I., 8 AD3d 696, 699; see also People v Jamison, 47 NY2d 882, 883-884; People v West, 129 AD3d 1629, 1630-1631). The Court Attorney Referee did not act improperly in directing the father to testify in response to questions, in order to focus the testimony on material and relevant evidence (see People v Hansson, 162 AD3d 1234, 1236; see also People v DeFreitas, 116 AD3d 1078, 1082).
We agree with the Family Court's denial of the father's third request for reassignment of counsel, as the father did not articulate legitimate grounds for that request, which was made near the conclusion of the hearing (see Matter of Munoz v Edmonds-Munoz, 123 AD3d 1038, 1039; Matter of Wiley v Musabyemariya, 118 AD3d 898, 900).
To the extent that the father challenges the Family Court's denial of his petition for parental access, that contention is not properly before this Court, as the father did not appeal from the order denying that petition (see CPLR 5501[c]).
The father's remaining contention is unpreserved for appellate review and, in any event, without merit.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court