Shali D. v Victoria V. (2019 NY Slip Op 04033)





Shali D. v Victoria V.


2019 NY Slip Op 04033


Decided on May 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Moulton, JJ.


9391 9390 9389 9388

[*1]Shali D., Petitioner,
v
Victoria ., Respondent-Respondent. Sofia D., Nonparty Appellant.
Shali D., Petitioner-Appellant,
Victoria V., Respondent-Respondent.


Andrew J. Baer, New York, attorney for the child Sofia D., appellant.
The Bresky Law Firm PLLC, Elmhurst (Kyle Mallary Halperin of counsel), for Shali D., appellant.
Dobrish Michaels Gross, LLP, New York (Nina S. Gross of counsel), for respondent.



Order, Family Court, New York County (Carol J. Goldstein, J.), entered on or about February 10, 2017, which awarded the mother certain attorneys' fees as sanctions, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 4, 2017, which, after a trial, awarded the parents joint legal custody with specified spheres of influence and awarded the mother primary physical custody, unanimously affirmed, without costs.
While the father's notice of appeal is from an order awarding the mother sanctions, his arguments relate to an earlier order entered on or about December 20, 2016, denying his motion to redact hearsay portions of the forensic report of Dr. Marvin Aronson. Were we to treat the father's appeal as one from the December 20th order, we would still affirm. The arguments challenging introduction of the Aronson report are academic, as the core conclusions reached by Dr. Aronson were based upon nonhearsay sources, namely, his interviews with and observations of the parties and the subject child (see Matter of Chad Nasir S. [Charity Simone S.], 157 AD3d 425, 425-426 [1st Dept 2018]; see also Lieberman v Lieberman, 142 AD3d 1144, 1146 [2d Dept 2016]).
The trial consisted of multiple days of testimony. The court conducted an in camera interview with the child, and it indicated it was willing to hear testimony from the collateral witnesses, had the father chosen to call them. The comprehensive Aronson report was given appropriate, not disproportionate weight, and the record reflects that the court properly considered the totality of circumstances in determining the custody arrangement that was in the child's best interests (Eschbach v Eschbach, 56 NY2d 167 [1982]). The court's determinations had a sound and substantial basis in the record. The court acknowledged and detailed both [*2]parents' deficits but reasonably determined that, on balance, the mother's presented far less threat to the child's best interests (Eschbach, 56 NY2d at 171).
The weight to be accorded the child's wishes was improperly first raised in the attorney for the child's reply brief, and is therefore unpreserved for our review (see e.g. Shackman v 400 E. 85th St. Realty Corp., 161 AD3d 438 [1st Dept 2018]). Were we to reach the issue, we would nonetheless affirm. The child was not equipped to opine as to which of her parents could better address her learning challenges or mental health issues, and the child's attorney does not address record evidence that the father may have manipulated his daughter into stating that she would prefer to live with him.
We have considered the remaining arguments by the father and the attorney for the child and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 23, 2019
CLERK