Matter of Miller v Hinckley (2019 NY Slip Op 07400)





Matter of Miller v Hinckley


2019 NY Slip Op 07400


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2018-13270
 (Docket Nos. V-25435-17, V-12154-18)

[*1]In the Matter of Sarah Miller, appellant,
v
George Hinckley, Jr., respondent. (Proceeding No. 1)
In the Matter of George Hinckley, Jr., respondent,
v
Sarah Miller, appellant. (Proceeding No. 2)


Salvatore C. Adamo, New York, NY, for appellant.
Adewole Agbayewa, Fresh Meadows, NY, for respondent.
Michael E. Lipson, Jericho, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated August 1, 2018. The order, after a hearing, in effect, granted the father's petition for sole custody of the parties' child and for permission to relocate with the child to Gloversville, New York, and, in effect, denied the mother's petition for sole custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and father, who were never married to each other, are the parents of one child, born in August 2012. The parties each filed petitions in the Family Court, seeking sole custody of the child. In addition, the father sought permission to relocate with the child to Gloversville, New York. After a hearing, the court awarded sole custody of the child to the father with certain specified parental access to the mother, and granted the father permission to relocate with the child to Gloversville, New York.
We agree with the mother and the attorney for the child that the Family Court failed to issue either a written decision or an oral decision setting forth its findings of fact. The court did not state the facts it deemed essential to its determination in the order on appeal. Further, certain portions of the court's oral decision were so inaudible that the court's reasoning is, in effect, indecipherable from the transcript of the proceedings (see CPLR 4213[b]; Family Ct Act § 625[a]). However, remittal is not necessary since the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Newton v McFarlane, 174 AD3d 67, 80; Matter of Bonet v Bonet, 121 AD3d 978, 979; Matter of Destiny H. [Valerie B.], 83 AD3d 939).
"An award of custody must be based upon the best interests of the children" (Lieberman v Lieberman, 142 AD3d 1144, 1145; see Matter of Agyapon v Zungia, 150 AD3d 1226, 1227; Matter of Wilson v Bryant, 143 AD3d 905, 906). A custody determination must take into account the totality of the circumstances, which include, but are not limited to "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Wilson v Bryant, 143 AD3d at 906 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 172). Since this matter concerns an initial custody determination, the strict application of the factors relevant to a relocation petition (see Matter of Tropea v Tropea, 87 NY2d 727) is not required (see Matter of Williams v Bryson, 167 AD3d 1021, 1022; Matter of Alvarado v Cordova, 158 AD3d 794). Instead, relocation is "but one factor among many for the Family Court to consider in determining" the best interests of the child (Matter of Williams v Bryson, 167 AD3d at 1022).
Here, upon our independent review of the evidence and consideration of the totality of the circumstances, we discern no basis to disturb the court's determination that relocation and an award of sole custody of the child to the father with certain specified parental access to the mother was in the best interests of the child.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court