Matter of Destinee A. (Jacquelyn M.) (2026 NY Slip Op 00890)

Matter of Destinee A. (Jacquelyn M.)

2026 NY Slip Op 00890

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
SUSAN QUIRK, JJ.

2024-09445
2025-06832
2025-06833
 (Docket Nos. G-11174-22, G-11175-22, G-11176-22)

[*1]In the Matter of Destinee A. (Anonymous). Shawn M. (Anonymous), et al., petitioners-respondents; Administration for Children's Services, respondent- respondent; Jacquelyn M. (Anonymous), etc., et al., appellants.
In the Matter of Kaylee A. (Anonymous). Shawn M. (Anonymous), et al., petitioners-respondents; Administration for Children's Services, respondent- respondent; Jacquelyn M. (Anonymous), etc., et al., appellants.
In the Matter of Kholee A. (Anonymous). Shawn M. (Anonymous), et al., petitioners-respondents; Administration for Children's Services, respondent- respondent; Jacquelyn M. (Anonymous), etc., et al., appellants.

Fariah Amin, New York, NY, for appellant Jacquelyn M.
Jill M. Zuccardy, New York, NY, for appellant Adam A.
Steven Banks, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Elina Druker of counsel), for respondent-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related guardianship proceedings pursuant to Family Court Act article 6, the father appeals, and the mother separately appeals, from three orders of the Family Court, Kings County (Alicea Elloras-Ally, J.) (one as to each child), all dated September 4, 2024. The orders, insofar as appealed from by the father, after a hearing, granted the petitions of the maternal grandfather and his wife to be appointed guardians of the subject children and denied the father court-ordered parental access with the children, but permitted the father to have informal parental access with the children Destinee A. and Kaylee A. upon those children's consent. The orders, insofar as appealed from by the mother, after a hearing, denied the mother court-ordered parental access with the children Destinee A. and Kaylee A., but permitted the mother to have informal parental access with those children upon their consent, and set forth a schedule for certain parental access with the child Kholee [*2]A.
ORDERED that the orders are modified, on the law, by deleting the provisions thereof conditioning the father's and the mother's informal parental access with the subject children Destinee A. and Kaylee A. upon those children's consent; as so modified, the orders are affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.
The maternal grandfather and his wife (hereinafter the petitioners) filed petitions to be appointed kinship guardians of the subject children, Destinee A., Kaylee A., and Kholee A. After a hearing, the Family Court, inter alia, granted the petitions over the father's objection, denied the father court-ordered parental access with the children, permitted the father to have informal parental access with Destinee A. and Kaylee A. upon those children's consent, denied the mother court-ordered parental access with Destinee A. and Kaylee A., permitted the mother to have informal parental access with Destinee A. and Kaylee A. upon those children's consent, and awarded the mother biweekly virtual and monthly supervised parental access with Kholee A. The father and the mother separately appeal.
Contrary to the father's contention, the Family Court properly determined that the petitioners met their burden of demonstrating the requisite extraordinary circumstances to be appointed the kinship guardians of the children over objection (see Family Ct Act § 1055-b[a][iv][A]; Matter of Tanisha M.M. [Toni D.S.—Anthony M.], 170 AD3d 841, 841-842). The children were removed from the parents' custody in 2015 and placed into foster care. From approximately 2018 to 2020, both parents were incarcerated. The record further established that both parents had a history of substance abuse, failed to comply with the foster care agency's drug testing requirement, and failed to sign HIPAA waivers to permit the foster care agency to confirm their compliance with drug treatment. The petitioners assumed full responsibility for the care of the children at least three years prior to the hearing, and the youngest child, Kholee A., had lived with the petitioners for most of her life. These circumstances constitute extraordinary circumstances that justified the appointment of the petitioners as kinship guardians over the father's objection (see Matter of Tanisha M.M. [Toni D.S.—Anthony M.], 170 AD3d at 841-842; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d 476, 476-477).
The Family Court providently exercised its discretion in finding that the appointment of the petitioners as kinship guardians of the children was in the children's best interest (see Family Ct Act §§ 661[c]; 1055-b[a][ii]; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d at 476-477; see also Eschbach v Eschbach, 56 NY2d 167, 171-174). "Findings of the Family Court which have a sound and substantial basis in the record are generally entitled to great deference on appeal because any custody determination depends to a great extent on the court's assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties" (Matter of Agyapon v Zungia, 150 AD3d 1226, 1227; see Matter of Ra El v Aroepa-Hughley, 151 AD3d 974, 974). The hearing record established, inter alia, that the petitioners provided for the medical, educational, and special needs of the children and provided a stable home for the children. Under these circumstances, the Family Court's determination that the appointment of the petitioners as kinship guardians was in the best interests of the children has a sound and substantial basis in the record (see Matter of Tanisha M.M. [Toni D.S.—Anthony M.], 170 AD3d at 842; Matter of Caron C.G.G. [Alicia G.—Jasmine D.], 165 AD3d at 476-477).
Contrary to the father's contention, the Family Court's determination to deny him parental access with Kholee A. was in her best interest and has a sound and substantial basis in the record (see Matter of Ejiogu v ACS-Kings, 176 AD3d 816, 818; Matter of Smith v Dawn F.B., 88 AD3d 729, 729-730).
Contrary to the mother's contention, the Family Court providently exercised its discretion in crafting her parental access schedule with Kholee A., which is supported by a sound and substantial basis in the record (see Matter of Steward v Okon, 238 AD3d 1055, 1058).
As the father and the mother correctly contend, "[a] court may not delegate its [*3]authority to determine parental access to either a parent or a child" (Matter of Mondschein v Mondschein, 175 AD3d 686, 687; see Matter of Clezidor v Lexune, 192 AD3d 792, 794). Here, the Family Court improperly delegated its authority to determine the father's and the mother's parental access with Destinee A. and Kaylee A. to those children. Accordingly, we remit the matter to the Family Court, Kings County, for a new determination as to the father's and the mother's parental access with Destinee A. and Kaylee A. in accordance with the best interests of those children (see Matter of Shah v Shah, 186 AD3d 1692, 1694).
GENOVESI, J.P., FORD, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court