■ In the Matter of ELIZABETH R., a Child Alleged to be Abused. COUNTY OF ROCKLAND et al., Respondents; CATHERINE S. et al., Appellants.—In a consolidated custody proceeding pursuant to Family Court Act article 6 and child protective proceeding pursuant to Family Court Act article 10, the appeal is from (1) an order of Family Court, Rockland County (Bergerman, J.), dated June 29, 1987, which awarded permanent custody of the child to the respondents Elizabeth R. and Henry R., and (2) from an order of the same court, dated July 8, 1987, which, after a dispositional hearing, granted supervised visitation to Catherine S. with the child.

Ordered that the orders are reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for further and complete psychiatric evaluations of the parties, the individuals residing in the household of the respondents Elizabeth R. and Henry R., as well as the child, by an independent court-appointed psychiatrist, appointment of a new Law Guardian, and for a de novo fact-finding hearing in accordance herewith before a different Judge, which hearing shall be held with all convenient speed.

The instant appeal involves a consolidated custody and child protective proceeding concerning Elizabeth R., an infant who was found to have been sexually abused. The child was born to Catherine S. in June 1983. Following the child's birth,

Catherine S. and the child resided with Catherine's parents, the respondents Elizabeth R. and Henry R. Due to Catherine's troublesome relationship with her mother, she moved out of her parents' home with her child, and resided in New Jersey with Kevin S., whom she eventually married. Sometime thereafter, Catherine S.'s mother instituted a custody proceeding in New Jersey seeking custody of the child. In October 1984 Catherine S. consented to granting her mother temporary custody of Elizabeth R. and several months thereafter, Catherine S. agreed to move back home with her parents. During that time, Catherine S. again experienced difficulties with her mother and, after moving out of her parents' home, she instituted a proceeding pursuant to Family Court Act article 6 in Family Court, Rockland County, for custody of her child. Catherine S.'s parents cross-petitioned for permanent custody of the child.

In 1986 the court determined that temporary custody should remain with Catherine S.'s parents and Catherine S. was given supervised visitation with the child in her parents' home. Thereafter, in September 1986 Catherine S. was given supervised visitation with the child outside her parents' home and, eventually, Catherine S. was provided with unsupervised visitation with the child. In or about February 1987 the child was examined and found to have been sexually abused. Thereafter, a child abuse petition was brought against Elizabeth R., Henry R., Catherine S. and Kevin S.

Following a fact-finding hearing, the Family Court determined that Catherine S. and Kevin S. had failed to overcome the statutory presumption of abuse under Family Court Act § 1046 (a) (ii) and, thus, determined that they committed the abuse against the infant. The court also concluded, however, that the child's grandparents, Elizabeth R. and Henry R., did overcome the statutory presumption and, accordingly, dismissed the petition against them. The court terminated Catherine S.'s visitation rights pending a dispositional hearing and, thereafter, entered an order in the pending custody proceeding awarding permanent custody of the child to Elizabeth R. and Henry R. Following a dispositional hearing in the abuse proceeding, the court awarded supervised visitation with the child to Catherine S. conditioned upon her receiving therapy.

Based upon our review of the hearing transcripts, we conclude that there is insufficient evidence to support the Family Court's determination that Catherine S. and Kevin S. were guilty of sexually abusing the infant and that Elizabeth R. and Henry R. had adequately rebutted the statutory presump-

tion of abuse under Family Court Act § 1046 (a) (ii). The insufficiencies in the record stem primarily from the fact that the infant was never fully evaluated by an independent court-appointed psychiatrist prior to the fact-finding hearing. Notably, the court relied almost exclusively on the testimony of a psychiatrist who previously had been hired by the child's grandparents as the child's therapist and who had subsequently been appointed by the court for purposes of the custody proceeding. Additionally, the psychiatrist's services were paid for by the infant's grandparents and the psychiatrist testified on their behalf at the fact-finding hearing. Significantly, the court failed to give any weight to the expert testimony adduced by Catherine S. and Kevin S. which indicated that the child's grandparents, because of their respective personality traits, were more likely to have abused the child than Catherine S. or Kevin S. It is also significant to note that the psychiatric evaluations which were performed on the four respondents were less than thorough and no psychiatric evaluations were ever performed on Catherine S.'s adult siblings who resided with the infant at the grandparents' home.

Because of these insufficiencies in the record, as well as the absence of thorough case studies of the respondents' respective homes and the failure of the court-appointed Law Guardian to take an active role in the proceedings, we conclude that the matter should be remitted for a de novo fact-finding hearing to be conducted with all convenient speed before a different Judge. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.