■ In the Matter of STEPHEN COAKLEY, Respondent, v KIM GOINS, Appellant. [659 NYS2d 75] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Schindler, J.), dated July 12, 1995, which, after a hearing, granted the father's petition for custody of the parties' daughter.

Ordered that the order is affirmed, without costs or disbursements.

In adjudicating custody and visitation rights, the most important factor for the court to consider is the best interests of the child (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Schmidt v Schmidt*, 234 AD2d 465), which requires an evaluation of the "totality of the circumstances" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95). Since the trial court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see, Schmidt v Schmidt, supra; Kuncman v Kuncman*, 188 AD2d 517).

Upon our review of the record, we are satisfied that the Family Court's award of custody to the father has a sound and substantial basis in the record. Although the court-appointed psychologist took note of the strong bond between the mother and child, she voiced concern over certain lapses in the mother's judgment. Furthermore, the record demonstrates that the child has thrived in the care of the father and members of

his family since he obtained temporary custody in 1994, and both the psychologist and law guardian recommended that the father retain custody. Under these circumstances, we decline to disturb the Family Court's custody award. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.