■ In the Matter of DANIEL W. DOBBINS, Respondent, v NANCY VARTABEDIAN, Appellant. [704 NYS2d 836] —In a custody proceeding pursuant to Family Court Act article 6, the mother

appeals from an order of the Family Court, Suffolk County (Dounias, J.), entered April 12, 1999, which, upon an order of the same court entered March 30, 1999, finding that she was in contempt of court for wilfully violating a prior order of the same court dated January 26, 1999, granted custody of the child to the father.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith; and it is further,

Ordered that the father shall retain custody pending a new determination.

It is axiomatic that custody determinations are to be made upon consideration of all relevant circumstances to reach the disposition that promotes the best interests of the child (*see,* Domestic Relations Law § 70 [a]; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95; *Matter of DiMedio v DiMedio,* 233 AD2d 394).

The Family Court properly concluded, after a hearing, that the mother wilfully and repeatedly deprived the father of his rights to visitation with his child and therefore was in contempt of court for violating the order dated January 26, 1999, directing that the father have visitation (*see, Gagliardo v Gagliardo,* 151 AD2d 718, 720). However, the hearing in this proceeding was insufficient to determine the best interests of the child. Accordingly, the order awarding custody to the father must be reversed and the matter is remitted to the Family Court, Suffolk County, for such a hearing. Mangano, P. J., Bracken, Luciano and Smith, JJ., concur.