■ In the Matter of DANIEL W. DOBBINS, Respondent, v NANCY VARTABEDIAN, Appellant. [758 NYS2d 153] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals (1), as limited by her brief, from so much of an order of the Family Court, Suffolk County (Dounias, J.), entered April 11, 2001, as awarded custody of the parties' child to the father, (2) from an order of the same court, entered July 16, 2001, which granted the father's motion to dismiss his contempt petition, and (3) from an order of the same court, also entered July 16, 2001, which granted visitation to the mother and placed certain restrictions on her ability to participate in the child's medical care.

Ordered that the order entered April 11, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the orders entered July 16, 2001, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the father.

In adjudicating custody and visitation rights, the most important factor for the court to consider is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]), which requires an evaluation of the "totality of [the] circumstances" (*Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]).

Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]; *Coakley v Goins,* 240 AD2d 573 [1997]; *Coyne v Coyne,* 150 AD2d 573 [1989]; *Skolnick v Skolnick,* 142 AD2d 570 [1988]).

The Family Court's award of custody to the father has a .sound and substantial basis in the record. The record demonstrates that the child has thrived in the care of the father and members of his family since he obtained temporary custody in April 1999, and the Law Guardian recommended that the father retain custody (*see Coakley v Goins, supra*). The mother willfully and repeatedly deprived the father of his rights to visitation with his child when the child was in her physical custody, and defied the legal process by violating prior court orders for which she has been held in contempt (*see Matter of Dobbins v Vartabedian,* 270 AD2d 261 [2000]; *Matter of Robert T.F. v Rosemary F.,* 148 AD2d 449 [1989]; *Daghir v Daghir,* 82 AD2d 191, 194 [1981], *affd* 56 NY2d 938 [1982]). The father is the parent who is more likely to assure meaningful contact between the child and the noncustodial parent (*see Matter of Raybin v Raybin,* 205 AD2d 918, 921 [1994]; *O'Connor v O'Connor,* 146 AD2d 909, 910 [1989]; *Lohmiller v Lohmiller,* 140 AD2d 497, 498 [1988]).

Under these circumstances, we decline to disturb the Family Court's custody award.

The mother's remaining contentions are either unpreserved for appellate review, without merit, or refer to matter dehors the record. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.