■ In the Matter of KEVIN MCNICHOL, Respondent, v GEMMA KIM, Appellant. [931 NYS2d 895]—

The record provides a sound and substantial basis for the Family Court's determination that there has been a change in circumstances such that modifying the custody provisions of the parties' judgment of divorce so as to award the father primary physical custody would be in the best interests of the subject child (*see Matter of Fitje v Fitje*, 87 AD3d 599, 600 [2011]; *Matter of Nell v Nell*, 87 AD3d 541, 541-542 [2011]; *Matter of Anwar v Sani*, 78 AD3d 827 [2010]; *Matter of Wakefield v Wakefield*, 74 AD3d 1213 [2010]). The record reveals that the child has been doing well in the father's care since she began living with him in December 2006 (*see Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]). Further, the father is more likely than the mother to assure meaningful contact between the child and the noncustodial parent (*see Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]; *Matter of Dobbins v Vartabedian*, 304 AD2d at 666). Accordingly, we decline to disturb the Family Court's award of primary physical custody to the father.

The mother's remaining contention is without merit. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.