In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, and the child separately appeals, from an order of the Family Court, Dutchess County (Watson, J.), dated October 24, 2012, which, after a hearing, denied the mother’s petition to modify a prior order of the same court (Forman, J.), dated April 15, 2011, so as to award the mother sole physical custody of the subject child.
Ordered that the order dated October 24, 2012, is reversed, on the facts, without costs or disbursements, and the petition is granted.
The parties were married in April 2001, and the subject child was born in 2003. Since the father was in the Navy, the family, which included the mother’s son from a previous relationship, moved a number of times before settling in New York. In 2007, the parties separated, and pursuant to a separation agreement incorporated but not merged into the parties’ judgment of divorce, the parties shared joint legal custody of the child, with the mother having physical custody and the father having liberal visitation. In December 2008, the mother and her new fiancé, who was also in the military, moved with the mother’s children to the west coast. In May 2009, the mother gave birth to a third child.
In April 2011, the father offered to care for the subject child while the mother underwent surgery and prepared to move from Washington to Colorado, where her current husband was to be stationed. The mother, intending this childcare arrangement to be temporary, agreed, and the child began residing with her father in New York. To enroll the child in school in his local school district, the father prepared a document entitled “Child Custody/Child Support” (hereinafter the agreement), which stated that he would have “primary physical possession” of the child. The father and mother signed the agreement, and their signatures were notarized. The father never told the mother that he intended the custody change to be permanent.
The father then filed a petition in the Family Court to modify the custody provisions of the parties’ judgment of divorce so as to award him physical custody of the child, relying on the agreement. In an order dated April 15, 2011, the Family Court *830 granted the father’s petition to modify, on consent, and awarded physical custody to the father. The mother, who was not served with the father’s modification petition, found out about the order when the father sent her a photograph of the order attached to a text message. In September 2011, after she moved to Colorado and recovered from her surgery, the mother commenced this proceeding to change custody. Following a hearing, the Family Court denied the mother’s petition and found that it would be in the child’s best interests to remain in the physical custody of the father.
The general rule is that in the absence of a subsequent change in circumstance, the court should defer to the agreement of the parties (see Matter of Grisanti v Grisanti, 4 AD3d 471, 473 [2004]). “However, ‘[n]o agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child’s best interest’ ” (id. at 473, quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95 [1982]) “Since the Family Court’s custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record” (Matter of Dobbins v Vartabedian, 304 AD2d 665, 666 [2003]). However, “ ‘[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody . . . determination to stand where it lack[ed] a sound and substantial basis in the record’ ” (Matter of Grisanti v Grisanti, 4 AD3d at 474, quoting Matter of Gloria S. v Richard B., 80 AD2d 72, 76 [1981]).
Upon weighing the appropriate factors (see Eschbach v Eschbach, 56 NY2d 167 [1982]), we find that the Family Court’s determination that the best interests of the child would be served by remaining in the father’s physical custody lacked a sound and substantial basis in the record, and that the child’s best interests will be served by awarding the mother sole physical custody of the child. The Family Court failed to give sufficient weight to the mother’s testimony, which it credited, that she only intended for the father to have custody of the child temporarily while she underwent a hysterectomy and moved from Washington to Colorado with her new husband. The record here shows that the mother, who stays at home to care for her children, has been the primary caregiver throughout the child’s life, while the father had limited involvement with the child until the mother transferred custody to him (see Matter of Eddington v McCabe, 98 AD3d 613, 614 [2012]). Furthermore, *831 while living with her mother, the child thrived both at home and at school (see Matter of Russell v Russell, 72 AD3d 973, 975 [2010] ). The child, who has been a part of a military family for the majority of her life, relocated along with her family many times both during and after her parent’s marriage. There is no evidence that these frequent relocations have been detrimental the child’s intellectual or emotional development. The Family Court also erred in finding that the mother replaced the “father figure” in the child’s life. The record contains no evidence to support a finding of parental alienation against the mother.
The Family Court also failed to give sufficient weight to the fact that the child’s relationship with her half-siblings, who reside with the mother, will continue to be disrupted if she remains in the father’s care, as the record demonstrates that the child and her half-siblings have a close and healthy relationship. Courts will not disrupt sibling relationships unless there is an overwhelming need to do so (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Ebert v Ebert, 38 NY2d 700, 704 [1976]; Matter of Murray v Hall, 294 AD2d 504, 505 [2002]). Furthermore, both the report of the Dutchess County Office of Probation and the attorney for the child recommended returning the child to the mother’s care, and the child communicated that preference (see Matter of Chery v Richardson, 88 AD3d 788, 789 [2011]). Recommendations of court-appointed evaluators and the position of the attorney for the child are not determinative, but they are factors to be considered and are entitled to some weight (see Baker v Baker, 66 AD3d 722, 723-724 [2009]; Matter of Kozlowski v Mangialino, 36 AD3d 916, 917 [2007]). The child’s preference, while not determinative, may also be indicative of the child’s best interests (see Dintruff v McGreevy, 34 NY2d 887, 888 [1974]; Cieri v Cieri, 56 AD3d 409, 410 [2008]).
The mother’s remaining contention is without merit.
Accordingly, the Family Court’s determination lacked a sound and substantial basis in the record, and the Family Court should have granted the mother’s petition. Dickerson, J.P, Chambers, Roman and Miller, JJ., concur.