In the Matter of JUAN GUIRACOCHA, Respondent, v GRECIA AMARO, Appellant. In the Matter of GRECIA AMARO, Appellant, v JUAN GUIRACOCHA, Respondent. [996 NYS2d 108]—

In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Greenwald, J.), dated October 17, 2013, as, after a hearing, granted the father's petition for sole legal and physical custody of the subject child and denied her separate petition for sole legal and physical custody of the child.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the father's petition for sole legal and physical custody of the subject child is denied, the mother's separate petition for sole legal and physical custody of the subject child is granted, and the matter is remitted to the Family Court, Westchester County, to establish an appropriate visitation schedule for the father, and thereafter the effectuation of the transfer of the subject child from the custody of the father to the custody of the mother; and it is further,

Ordered that, in the interim, and pending further order of the Family Court, Westchester County, temporary residential custody of the subject child shall remain with the father.

Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]; *Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]; *Matter of Coakley v Goins*, 240 AD2d 573 [1997]; *Matter of Coyne v Coyne*, 150 AD2d 573 [1989]; *Skolnick v Skolnick*, 142 AD2d 570 [1988]). However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial judge, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record (*see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830 [2013]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 474 [2004]; *Matter of Gloria S. v Richard B.*, 80 AD2d 72, 76 [1981]).

In this case, the Family Court's determination awarding the father sole legal and physical custody of the child does not have a sound and substantial basis in the record. Specifically, the Family Court's conclusion that neither party was the primary caregiver for the child is not supported by the record, which reflects that the mother was the child's primary caregiver for the majority of his life, until the father was temporarily awarded residential custody shortly before the custody hearing was conducted. The evidence in the record does not support the Family Court's findings that the father was the "more likely to provide for and nurture the subject child's emotional, social, physical and intellectual needs," and to foster the child's relationship with and ensure meaningful contact with the noncustodial parent. In addition, although not determinative, the position of the attorney for the child, as articulated after the hearing, that the child is more bonded to the mother and that she should have residential custody of him, was entitled to some weight (*see Matter of Fallo v Tallon*, 118 AD3d 991 [2014]). Here, the Family Court, in its custody determination, made no mention of the position of the attorney for the child, and that position appears not to have been taken into account at all (*cf. Matter of Johnson v Johnson*, 309 AD2d 750, 750 [2003]).

"In deciding custody issues, the most important factor to be considered by the court is the best interests of the child. This requires the court to evaluate the totality of the circumstances. In making such a determination, the court is to consider various factors, including the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional

and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Doyle v Debe*, 120 AD3d 676, 679-680 [2014] [citations and internal quotation marks omitted]). Viewing the totality of the circumstances, the child's best interests would be served by awarding the mother sole legal and physical custody of the child, with the father to have liberal visitation.

Accordingly, we remit the matter to the Family Court, Westchester County, to establish the father's visitation schedule, and thereafter the effectuation of the transfer of the subject child from the custody of the father to the custody of the mother. In the interim, and pending further order of that court, temporary residential custody of the subject child shall remain with the father. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.