■ In the Matter of ALEXANDRA TOFALLI, Respondent, v NIKI SARRETT, Appellant. TYLER S. et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of NIKI SARRETT, Appellant, v ALEXANDRA TOFALLI, Respondent. TYLER S. et al., Nonparty Appellants. (Proceeding No. 2.) [56 NYS3d 184]—

Appeal by the father, and separate appeal by the children, from an order of the Family Court, Suffolk County (Rosann O. Orlando, Ct. Atty. Ref.), dated August 11, 2016. The order, after a hearing, granted the mother's petition for sole legal and physical custody of the subject children, and denied the father's petition for sole legal and physical custody of the children.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition for sole legal and physical custody of the children is denied, the father's petition for sole legal and physical custody of the children is granted, and the matter is remitted to the Family Court, Suffolk County, to establish an appropriate visitation schedule for the mother, and thereafter the effectuation of the transfer of the subject children from the custody of the mother to the custody of the father, immediately upon completion of the current school year.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *see Matter of Tinger v Tinger*, 108 AD3d 569, 570 [2013]; *Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011]). "Primary among [the] circumstances to be considered is the quality of the home environment and the parental guidance the custodial parent provides for the child" (*Eschbach v Eschbach*, 56 NY2d at 172). Nevertheless, the court must consider the totality of the circumstances and "the existence or absence of any one factor is not determinative" (*Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]).

"Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Guiracocha v Amaro*, 122 AD3d 632, 633 [2014]; *see Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830 [2013]; *Matter of*

*Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]; *Skolnick v Skolnick*, 142 AD2d 570, 570 [1988]). "However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial judge, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record" (*Matter of Guiracocha v Amaro*, 122 AD3d at 633; *see Matter of Shannon J. v Aaron P.*, 111 AD3d at 830; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 474 [2004]).

In this case, the Family Court's determination awarding the mother sole legal and physical custody of the children does not have a sound and substantial basis in the record. Specifically, the court's finding that the mother was "better equipped to meet the physical, mental and emotional needs of the children" was not supported by the record. The record also fails to support the court's determination that the father did not indicate a willingness to co-parent with the mother. In addition, while a child's expressed preference in a custody proceeding is not determinative, it is some indication of what is in the child's best interests, particularly where, as here, the court's interview with the sons demonstrated their level of maturity and ability to articulate their preferences (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Andrews v Mouzon*, 80 AD3d 761, 762 [2011]; *Matter of O'Connor v Dyer*, 18 AD3d 757 [2005]). Here, although the children indicated a preference for living with the father, the court merely indicated that it understood their positions without explaining its reasons for rejecting them (*see Matter of Guiracocha v Amaro*, 122 AD3d at 633; *cf. Matter of Johnson v Johnson*, 309 AD2d 750, 751 [2003]).

Viewing the totality of the circumstances, the best interests of the children would be served by awarding the father sole legal and physical custody of the children, with liberal visitation to the mother. Accordingly, we remit the matter to the Family Court, Suffolk County, to establish the mother's visitation schedule, and thereafter the effectuation of the transfer of the children from the custody of the mother to the custody of the father, immediately upon the completion of the current school year. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.