■ In the Matter of MICHELE C. SCULLY, Appellant, v KEITH E. LENT, Respondent. [59 NYS3d 110]—

Appeal by the mother from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated February 1, 2016. The order, after a fact-finding hearing, in effect, denied the mother's petition for sole legal and residential custody of the parties' child, and awarded the father sole legal and residential custody of the child, with visitation to the mother.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the mother's petition for sole legal and residential custody of the parties' child is granted, and the matter is remitted to the Family Court, Suffolk County, to establish an appropriate visitation schedule for the father, and thereafter the effectuation of the transfer of the child from the custody of the father to the custody of the mother; and it is further,

Ordered that, in the interim, and pending further order of the Family Court, Suffolk County, temporary residential custody of the parties' child shall remain with the father and the visitation provisions of the order dated February 1, 2016, shall remain in effect.

The mother and the father are the parents of one child, who was born in 2009. In 2013, after the mother and the father separated, the mother filed a petition for sole legal and residential custody of the child. After a fact-finding hearing, the Family Court, in effect, denied the mother's petition, and awarded sole legal and residential custody of the child to the father, with visitation to the mother. The mother appeals.

Since the Family Court's determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946 [1985]; *Matter of Guiracocha v Amaro*, 122 AD3d 632, 633 [2014]; *Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]; *Matter of Coakley v Goins*, 240 AD2d 573 [1997]). However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial court judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record (*see Matter of Guiracocha v Amaro*, 122 AD3d at 633; *Matter of Shannon J. v Aaron P.*, 111 AD3d 829, 830 [2013]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 474 [2004]; *Matter of Gloria S. v Richard B.*, 80 AD2d 72 [1981]).

In this case, the Family Court's determination awarding the father sole legal and residential custody of the child does not have a sound and substantial basis in the record. Specifically, the court's conclusion that the manner in which the mother testified at the fact-finding hearing displayed a willfulness that necessarily means that she would not encourage a relationship between the father and the child is not supported by the record. The record reflects that at the fact-finding hearing, both parties failed to answer specific questions posed, chiefly because both parties sought to control the information that they wanted to share with the court, thus necessitating that both be re-directed by the court. Certainly there were more instances where the mother needed to be re-directed, but she also testified for a longer period of time and was asked questions over and over due to the extended breaks in testimony in a fact-finding hearing that took approximately 1½ years to complete. The evidence in the record does not support the court's finding that the mother gave the child a melatonin supplement as a sleep aid without the approval of the child's pediatrician. Nor does the evidence in the record support the court's awarding the father sole legal custody of the child based on the mother's difficulty in adhering to temporary visitation

schedules which the parties agreed to during the pendency of the proceeding. We note that neither party was above reproach, and that the father attempted to influence the fact-finding hearing by tape-recording the child.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Viewing the totality of the circumstances, including that the parties cannot cooperate in making decisions, the child's best interests would be served by awarding the mother sole legal and residential custody of the child and awarding the father liberal visitation. The record establishes that the mother has come up with well-thought-out plans to address the child's issues regarding medical care, schooling, and socialization, and has made appropriate decisions based on the opinions of educational and medical professionals (*see Matter of Andrea C. v David B.*, 146 AD3d 1104, 1107 [2017]).

Accordingly, the Family Court should have granted the mother's petition for sole legal and residential custody of the child. We remit the matter to the Family Court, Suffolk County, to establish the father's visitation schedule, and thereafter the effectuation of the transfer of the child from the custody of the father to the custody of the mother. In the interim, and pending further order of that court, temporary residential custody of the child shall remain with the father, and the visitation provisions in the order appealed from shall remain in effect. Leventhal, J.P., LaSalle, Brathwaite Nelson and Christopher, JJ., concur.