Appeal by the mother from (1) a decision of the Supreme Court, Kings County (Patricia E. Henry, J.), dated March 3, 2016, and (2) an order of that court, also dated March 3, 2016. The order, after a hearing, granted the father’s petition, in effect, to modify a prior order of custody so as to award him sole legal and physical custody of the parties’ children, and denied the mother’s cross petition to modify the prior order of custody so as to award her sole legal and physical custody of the parties’ children.
 

 Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510 [1984]); and it is further,
 

 Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father’s petition, in effect, to modify the prior order of custody so as to award him sole legal and physical custody of the children is denied, the mother’s cross petition to modify the prior order of custody so as to award her sole legal and physical custody of the children is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings to establish an appropriate visitation schedule for the father.
 

 In an order dated February 28, 2008, entered pursuant to a so-ordered stipulation of the parties, the parties were awarded joint legal and physical custody of their two children, with the mother having the vast majority of the parenting time. In 2014, the father filed a petition, in effect, to modify the order dated February 28, 2008, so as to award him sole legal and physical custody of the children. The mother filed a cross petition to modify the order dated February 28, 2008, so as to award her sole legal and physical custody of the children. After a hearing, the Supreme Court issued a decision dated March 3, 2016, and by order of the same date, the court granted the father’s petition and denied the mother’s cross petition. We reverse.
 

 To modify an existing court-ordered custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Dezil v Garlick, 114 AD3d 773, 773 [2014]; Matter of O’Loughlin v Sweetland, 98 AD3d 983, 983 [2012]; Matter of Sparacio v Fitzgerald, 73 AD3d 790, 790 [2010]). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 174 [1982]). Factors to be considered in determining issues of custody “include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child’s emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child’s relationship with the other parent” (Matter of Kreischer v Perry, 83 AD3d 841, 841 [2011]; see Eschbach v Eschbach, 56 NY2d at 171-172; Matter of Yu Chao Tan v Hong Shan Kuang, 136 AD3d 933, 934 [2016]). “Priority in custody disputes should usually be given to the parent who was first awarded custody by the court or by voluntary agreement because this policy assures stability in the child’s life” (Matter of Salvati v Salvati, 221 AD2d 541, 542 [1995]; see Eschbach v Eschbach, 56 NY2d at 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 94-95 [1982]; Matter of Ross v Ross, 96 AD3d 856, 857 [2012]). Moreover, while not necessarily determinative, the child’s expressed preference is some indication of what is in his or her best interests and, in weighing that factor, a court must consider the age and maturity of the child as well as the potential for influence having been exerted on the child (see Eschbach v Eschbach, 56 NY2d at 173).
 

 In matters related to custody, the authority of this Court is as broad as that of the hearing court, and the hearing court’s determination will not stand if it is not supported by a sound and substantial basis in the record (see Matter of Doyle v Debe, 120 AD3d 676, 680 [2014]; Matter of Cortez v Cortez, 111 AD3d 717, 717 [2013]).
 

 Here, the Supreme Court properly determined that joint custody was no longer appropriate because the parents were unable to sufficiently communicate and cooperate on matters concerning the children (see Matter of Lee v Fitts, 147 AD3d 1058, 1059 [2017]; Matter of Zall v Theiss, 144 AD3d 831, 833 [2016]). However, the court’s determination that an award of custody to the father would be in the best interests of the children is not supported by a sound and substantial basis in the record. The record demonstrates, inter alia, that although both parents love the children, the mother has been the children’s primary caretaker for the majority of their lives, the children were 13 and 12 years old at the conclusion of the hearing, the children had established a primary emotional attachment to the mother, and the children expressed that they wished to reside with the mother.
 

 In determining that the children’s best interests would be served by modifying the prior order so as to award sole custody to the father, the Supreme Court, inter alia, failed to give sufficient weight to the fact that, prior to the hearing, the children had primarily resided with the mother throughout their lives (see Matter of Connolly v Walsh, 126 AD3d 691, 694 [2015]; Matter of Salvati v Salvati, 221 AD2d at 542-543). Moreover, the court failed to give sufficient weight to the children’s strong preference to reside with the mother (see Matter of Tofalli v Sarrett, 150 AD3d 1122, 1124 [2017]; Matter of Burke v Cogan, 122 AD3d 625, 626 [2014]; Matter of Dorsa v Dorsa, 90 AD3d 1046, 1047 [2011]). In addition, the court gave undue weight to outdated forensic evaluations (see Matter of Connolly v Walsh, 126 AD3d at 694; Matter of Noonan v Noonan, 109 AD3d 827, 829 [2013]).
 

 Under the totality of the circumstances, the best interests of the children would be served by the mother having sole legal and physical custody, subject to specified parenting time by the father.
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.