Matter of Lintao v Delgado (2019 NY Slip Op 00125)





Matter of Lintao v Delgado


2019 NY Slip Op 00125


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-08801
 (Docket Nos. V-1134-16, V-1149-16)

[*1]In the Matter of Genella Lintao, appellant, 
v
Richard Delgado, respondent. (Proceeding No. 1)
In the Matter of Richard Delgado, respondent,Genella Lintao, appellant. (Proceeding No. 2)


The Edelsteins, Faegenburg & Brown, LLP, New York, NY (Molly Zamoiski of counsel), for appellant.
Richard Delgado, Bronx, NY, respondent pro se.
Janis A. Parazzelli, Floral Park, NY, attorney for the child.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Kings County (Sharon A. B. Clarke, J.), dated August 17, 2017. The amended order, insofar as appealed from, after a fact-finding hearing, denied the mother's petition for sole legal and residential custody of the parties' child, granted the father's petition for the same relief in his favor, and awarded the father sole legal and residential custody of the child.
ORDERED that the amended order is reversed insofar as appealed from, on the law, without costs or disbursements, the mother's petition for sole legal and residential custody of the parties' child is granted, the father's petition for the same relief in his favor is denied, and the matter is remitted to the Family Court, Kings County, for the entry of an order awarding physical custody of the subject child to the mother and establishing an appropriate parental access schedule for the father.
The parties, who were never married, are the parents of the subject child, born in December 2014. In January 2016, the mother filed a petition for sole legal and residential custody of the child and the father petitioned for the same relief in his favor, although when testifying at the fact-finding hearing, he stated that he was seeking to split custody evenly. In an amended order dated August 17, 2017, following a fact-finding hearing, the Family Court denied the mother's petition, granted the father's petition, and awarded the father sole legal and residential custody of the child with certain parental access to the mother. Prior to the court's determination on the custody petitions, the mother had custody of the child except for the father's parental access on alternate weekends from Friday at 11:00 a.m. to Saturday at 5:00 p.m. The mother appeals from so much of the amended order as denied her petition, granted the father's petition, and awarded the father sole [*2]legal and residential custody of the child.
Custody determinations must be based on the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). In reaching such a determination, the court must take into account the totality of the circumstances, which include, but are not limited to, "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Miller v Pipia, 297 AD2d 362, 364; see Eschbach v Eschbach, 56 NY2d at 171-173; Matter of Lliviganay v Fajardo, 147 AD3d 1059, 1060).
"Findings of the Family Court which have a sound and substantial basis in the record are generally entitled to great deference on appeal because any custody determination depends to a great extent on the court's assessment of the credibility of the witnesses and the character, temperament, and sincerity of the parties" (Matter of Agyapon v Zungia, 150 AD3d 1226, 1227; see Matter of Ra El v Aroepa-Hughley, 151 AD3d 974, 974). "However, an appellate court would be seriously remiss if, simply in deference to the finding of a trial judge, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record" (Matter of Guiracocha v Amaro, 122 AD3d 632, 633; see Matter of Shannon J. v Aaron P., 111 AD3d 829, 830).
Here, the Family Court's determination awarding the father sole legal and physical custody of the child does not have a sound and substantial basis in the record. Contrary to the court's conclusion, the parties had not been sharing custody of the child equally. Instead, the record reflects that the mother had been the child's primary caregiver for the majority of his life until the court granted the father's petition and that, at the time of the hearing, the father had the child on certain weekends. The evidence in the record also demonstrates that the court failed to take into consideration the custody arrangement in place at the time of the hearing, or even the 50/50 arrangement which was requested by the father during the proceeding.
Moreover, the record demonstrates that the mother had taken a proactive role in the child's well being and development, developing well-thought-out plans to address the child's issues regarding medical care, schooling, and socialization (see Matter of Scully v Lent, 152 AD3d 700, 702). At the time of the hearing, the father had no concrete plans for the child's education, medical care, or social development.
Accordingly, the Family Court should have granted the mother's petition for sole legal and residential custody of the child and denied the father's petition, and we remit the matter to the Family Court, Kings County, for the entry of an order awarding physical custody of the child to the mother and establishing an appropriate parental access schedule for the father.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court