Matter of Ledbetter v Singer (2019 NY Slip Op 08676)





Matter of Ledbetter v Singer


2019 NY Slip Op 08676


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-10224
 (Docket Nos. V-8397-15, V-8398-15, V-8399-15, V-11886-15, V-11887-15, V-11888-15)

[*1]In the Matter of Thomas A. Ledbetter, respondent,
v
Woodlyne Singer, respondent-appellant; Thomas L. (Anonymous) III, et al., nonparty-appellants.


Schulte Roth & Zabel LLP, New York, NY (Taleah E. Jennings, Cara David, Thomas P. DeFranco, Thomas H. Przybylowski, Elizabeth M. Sullivan, and Sadie H. Diaz of counsel), for respondent-appellant.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the children, the nonparty-appellants.
Robert Marinelli, New York, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals, and the children separately appeal, from an amended order of the Family Court, Kings County (Sharon A. B. Clarke, J.), dated August 30, 2018. The amended order, after a hearing, granted that branch of the father's petition which was for sole physical custody of the parties' children, in effect, denied that branch of the mother's petition which was for sole physical custody of the children, awarded the parties joint legal custody of the children, with final decision-making authority to the father, and awarded certain parental access to the mother.
ORDERED that the amended order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, the father's petition for legal and physical custody of the parties' children is denied, the mother's petition for legal and physical custody of the children is granted, and the matter is remitted to the Family Court, Kings County, for further proceedings to establish an appropriate schedule of liberal parental access for the father, and thereafter the effectuation of the transfer of custody of the children from the father to the mother, immediately upon the completion of the current school term in December 2019.
The parties are the parents of three children, born in 2006, 2009, and 2011, respectively. In 2015, both parties petitioned for sole physical and legal custody of the children. After a hearing, the Family Court granted that branch of the father's petition which was for sole physical custody of the children, in effect, denied that branch of the mother's petition which was for sole physical custody of the children, awarded the parties joint legal custody of the children, with final decision-making authority to the father, and awarded parental access to the mother. The mother appeals, and the children separately appeal.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child[ren]" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049, citing Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in determining the custody arrangement that is in the child[ren]'s best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child[ren], the ability of each parent to provide for the child[ren]'s emotional and intellectual development, the financial status and ability of each parent to provide for the child[ren], the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child[ren]'s relationship with the other parent" (Matter of Wood v Lozada, 152 AD3d 531, 532 [internal quotation marks omitted]).
In matters related to custody, the authority of this Court is as broad as that of the hearing court, and the hearing court's determination will not stand if it is not supported by a sound and substantial basis in the record (see Matter of Nevarez v Pina, 154 AD3d 854, 855; Matter of Doyle v Debe, 120 AD3d 676, 680; Matter of Cortez v Cortez, 111 AD3d 717, 717). An appellate court would be seriously remiss if, simply in deference to the finding of the hearing court, it allowed a custody determination to stand where it lacked a sound and substantial basis in the record (see Matter of Tofalli v Sarrett, 150 AD3d 1122, 1124; Matter of Guiracocha v Amaro, 122 AD3d 632, 633).
Here, the Family Court's determination that an award of sole physical custody to the father would be in the best interests of the children is not supported by a sound and substantial basis in the record. The record demonstrates that, although both parents love the children, the mother is better able to provide for the children's emotional, intellectual, and overall well-being. Viewing the totality of the circumstances, the best interests of the children would be served by awarding the mother sole legal and physical custody of the children, with liberal parental access to the father.
In light of the foregoing, we need not address the remaining contentions of the mother and the children.
Accordingly, we remit the matter to the Family Court, Kings County, to establish an appropriate schedule of liberal parental access for the father, and thereafter the effectuation of the transfer of custody of the children from the father to the mother, immediately upon the completion of the current school term in December 2019.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court