Matter of Llanos v Barrezueta (2024 NY Slip Op 05446)

Matter of Llanos v Barrezueta

2024 NY Slip Op 05446

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-01475
 (Docket Nos. V-9573-16/21E, V-1532-22/22A, V-1532-22/22B)

[*1]In the Matter of Virginia Llanos, appellant,
v
Roberto I. Barrezueta, respondent. (Proceeding No. 1)
In the Matter of Roberto I. Barrezueta, respondent,
v Virginia Llanos, appellant. (Proceeding No. 2)

Salvatore C. Adamo, New York, NY, for appellant.
Laurette D. Mulry, Central Islip, NY (MaryAnn Marino and John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Philip Goglas, J), dated January 6, 2023. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was to modify a stipulation of settlement dated June 11, 2015, so as to award her sole legal and residential custody of the parties' child.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the mother's petition which was to modify the stipulation of settlement dated June 11, 2015, so as to award her sole legal and residential custody of the parties' child is granted, and the matter is remitted to the Family Court, Suffolk County, to establish an appropriate parental access schedule for the father.
The parties are the parents of one minor child, born in 2009. The parties were divorced in November 2015. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated June 11, 2015 (hereinafter the stipulation), which provided that the parties share joint legal and residential custody of the child. In November 2021, the mother filed a petition, inter alia, to modify the stipulation so as to award her sole legal and residential custody of the child. In February 2022, the father filed a petition to modify the stipulation so as to award him sole legal and residential custody of the child. The father also filed a petition alleging that the mother violated the parental access provisions of the stipulation.
In an order dated January 6, 2023, the Family Court, after a hearing, inter alia, in effect, denied that branch of the mother's petition which was to modify the stipulation so as to award her sole legal and residential custody of the child. The court directed that the parties continue to share joint legal and residential custody of the child. The mother appeals.
"'A court may modify an order awarding custody and parental access upon a showing that there has been a subsequent change in circumstances and that modification is in the best interests of the child'" (Matter of Narine v Singh, 229 AD3d 700, 701, quoting Matter of Al-Dalali v Rivera, 171 AD3d 729, 731). "The paramount concern when making a modification determination 'is the best interests of the child under the totality of the circumstances'" (Matter of Akerele v Garnett, 226 AD3d 671, 672, quoting Matter of Burke v Squires, 202 AD3d 784, 785). "The factors to be considered include whether the alleged change in circumstances suggests that one of the parties is unfit to parent, the nature and quality of the relationships between the child and each of the parties, the ability of each parent to provide for the child's emotional and intellectual development, the parental guidance that the custodial parent provides for the child, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Connolly v Walsh, 126 AD3d 691, 693). "Moreover, while not necessarily determinative, the child's expressed preference is some indication of what is in his or her best interests and, in weighing that factor, a court must consider the age and maturity of the child as well as the potential for influence having been exerted on the child" (Matter of Nevarez v Pina, 154 AD3d 854, 855).
"Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bristow v Patrice, 221 AD3d 684, 685). However, "'[i]n reviewing custody and parental access determinations, this Court's authority is as broad as that of the hearing court'" (Matter of Narine v Singh, 229 AD3d at 701, quoting Matter of Kim v Becker, 223 AD3d 813, 815).
The Family Court's determination that there had been no change in circumstances warranting a transfer of legal and residential custody to the mother lacks a sound and substantial basis in the record. "'[J]oint custody is encouraged primarily as a voluntary alternative for relatively stable, amicable parents behaving in mature civilized fashion'" (Matter of Robinson v Mustakas, 214 AD3d 880, 880, quoting Braiman v Braiman, 44 NY2d 584, 589-590). However, "joint custody is inappropriate where parents have evidenced an inability to cooperate on matters concerning the child" (Matter of Connell-Charleus v Charleus, 192 AD3d 890, 891). "'[E]vidence of a hostile relationship between the mother and the father indicating that joint decision-making is untenable is a change of circumstances'" (Matter of Gold v Khalifa, 223 AD3d 803, 804, quoting Matter of Pierce v Caputo, 214 AD3d 877, 878-879).
Here, the record reveals that, in support of her petition, the mother established more than conflict between the parties and difficulties in co-parenting. The evidence at the hearing showed that the parties' relationship had deteriorated to the point that they do not communicate other than by text and do not engage in joint decision-making with respect to the child (see Matter of Connell-Charleus v Charleus, 192 AD3d at 891). Therefore, joint legal custody is no longer feasible (see Matter of Cywiak v Packman, 214 AD3d 654, 657; Matter of Moore v Gonzalez, 134 AD3d 718, 719-720).
The totality of the circumstances justifies modifying the stipulation so as to award sole legal and residential custody of the child to the mother. The mother has more involvement with the child's needs on a day-to-day basis, and the record reflects that the mother made decisions regarding the child's social and emotional needs (see Matter of Smith v Francis, 206 AD3d 914, 917). Moreover, the Family Court failed to give sufficient weight to the strong preference of the child, who was 12 years old at the time of the hearing, to reside with the mother (see Matter of Nevarez v Pina, 154 AD3d at 856).
Accordingly, the Family Court should have granted that branch of the mother's petition which was to modify the stipulation so as to award her sole legal and residential custody of the child. We, therefore, reverse the order appealed from, grant that branch of the mother's petition, and remit the matter to the Family Court, Suffolk County, to establish an appropriate parental access schedule for the father that is in the best interests of the child.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court